**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DAVID KISSI** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 1:08-cv-01870 (RBW)** |
| | : | |
| | : | |
| **DAVID PANZER, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM IN SUPPORT OF
EMC MORTGAGE CORPORATION AND DAVID PANZER'S
<u>JOINT MOTION TO DISMISS</u>**

Defendants EMC Mortgage Corporation ("EMC") and David Panzer ("Mr. Panzer"), by

and through counsel, submit this memorandum in support of their joint motion to dismiss

Plaintiff David Kissi's Complaint Against Defendants For Recovery of 82% of the Proceeds

From Short Sale of 4303 Ammendale Rd. Plus Damages of $10 Million for taking Assets

Without Compensation ("Complaint," "Compl."). Defendants removed this case to this Court

from the Superior Court of the District of Columbia on October 29, 2008.

**I.     INTRODUCTION**

Plaintiff, David Kissi, is a former business owner and real-estate investor with a history

of filing frivolous claims and ignoring court orders. As a result, he is currently incarcerated in a

federal prison for two counts of bankruptcy fraud, three counts of obstruction of justice, and two

counts of criminal contempt of court.[1] Nonetheless, Mr. Kissi continues to clog the local courts

---

[1] *See* http://www.usdoj.gov/usao/md/Public-
Affairs/press_releases/press07/BeltsvilleManSentencedforBankruptcyFraudandObstructionofJust
ice.html (last visited October 27, 2008).

with repeated collateral challenges to decisions rendered against him.[2]  Mr. Kissi improperly

brought this action -- attacking a Maryland judgment -- in the District of Columbia, to avoid the

Maryland courts that continue to enforce pre-filing injunctions against him.[3]  The investment

property at issue in this case is the same property addressed in related Case No. 1:08-cv-01796.

Plaintiff has brought this Complaint, including claims under 18 U.S.C. §§ 1952 and 1957,

as well as general fraud claims, in an attempt to get around the fact that (1) Plaintiff's numerous

prior challenges to the foreclosure sale have already been litigated adversely to him; (2) Plaintiff

withdrew his challenges to those judgments; (3) Those challenges were mooted in court; and (4)

Plaintiff again withdrew those challenges.  *See infra*.  Yet, Plaintiff now takes the position that

some criminal conspiracy existed, unbeknownst to him, involving the Property and all Parties to

this Complaint.  This case never should have been filed and Mr. Kissi should be enjoined from

suing these Defendants again regarding this matter.

As an initial matter, this Court lacks personal jurisdiction over any of the Defendants

because no defendant is a resident of the District of Columbia, and **all** of the acts giving rise to

this claim took place in a Maryland litigation.  For the same reasons, venue is improper and,

---

[2] This action is one of four filed by Plaintiff in the Superior Court for the District of
Columbia on the same day.  *See* D.C. Superior Court Case Nos. 2008 CA 006998 B, 2008 CA
006999 B, 2008 CA 007000 B, and 2008 CA 007001 B, available at
www.dccourts.gov/pa/CRTVNameSearch.html.  Case No. 2008 CA 006998 B, titled *David Kissi
v. EMC Mortgage Corporation, et al.,* in which EMC and Mr. Panzer, *inter alia*, are also named
defendants, was removed by all Defendants to this Court, and its case number in this Court is
1:08-cv-01796 (RBW).

[3] Shortly before the Complaint was filed, Mr. Kissi filed a motion for leave to amend his
$200 million claim against United States District Judge Peter Messitte in order to bring these
defendants (and almost one hundred others) into that action as "wise guys" in a "conspiracy" of
which Judge Messitte "continues to be the chief enforcer" and raise the *ad damnum* clause to $1
billion; however, the case was dismissed for violation of a pre-filing injunction before these
defendants were brought into the case.  *See* U.S. District Court for the District of Maryland, Case
No. 08-CV-2178-RWT, Docket Nos. 4 (order of dismissal); 5 (motion); 7 (order denying motion
for leave to amend).

because justice does not require transfer, this case should be dismissed.  Alternatively, the case should be transferred to the United States District Court for the District of Maryland because the State of Maryland has a far greater interest in the outcome of this case than the District of Columbia.

The Complaint also fails to state a claim upon which relief may be granted on three grounds.  First, the Complaint is barred as against EMC and Mr. Panzer by the doctrines of *res judicata* and collateral estoppel because Mr. Kissi's claims have already been decided against him by the Circuit Court for Prince George's County, Maryland, in Case No. CAE-05-15718 (the "Foreclosure Case").  Second, the Complaint fails because it purports to allege violations of 18 U.S.C. §§ 1952 and 1957, but neither statute allows for a private right of action and both have heightened pleadings standards under Rule 9(b).  Third, the Complaint alleges general fraud claims, which are not pled with the specificity required by Rule 9(b) for a general fraud claim. Further, based on the publicly available documents filed in the Foreclosure Case, the Defendants are entitled to judgment in their favor.

## II.  FACTS

All of the following facts are based upon the publicly available records in the Foreclosure Case and the subsequent appeals:[4]

The substance of this case was already litigated in the Foreclosure Case.  *See generally* E. 1-22 (Foreclosure Case Docket).  On July 27, 2005, foreclosure counsel initiated a foreclosure

---

[4] Attached as **Exhibit 1** is the Declaration of David S. Panzer ("Panzer Declaration," "Panzer Decl.").  Attached as **Exhibit A** to the Panzer Declaration is a true and accurate copy of excerpts of the Record Extract prepared by counsel for Mr. Kissi, in *David Kissi, et al., v. EMC Mortgage Corporation of Texas, et al.*, Case No. 499, September 2007 Term, in the Maryland Court of Special Appeals, challenging the decisions of the Prince George's County Circuit Court in the Foreclosure Case.  The Record Extract, in its entirety, was filed as an attachment to EMC and David Panzer's Motion to Dismiss in a related case, *David Kissi v. EMC Mortgage Corporation, et al.,* Case No. 1:08-cv-01796 (RBW).  Citations to the Record Extract will be in the form of "E. __."

action against the property located at 4303 Ammendale Road, Beltsville, Maryland (the "Property"), by filing an Order to Docket.  E. 23-24.  As required, foreclosure counsel attached a copy of the Deed of Trust on the Property -- public records filed in the Circuit Court for Prince George's County.  E. 25-55.

Mr. Kissi executed the Deed of Trust dated August 16, 2004 (E. 42), which was secured by a Promissory Note in the amount of $210,000 (the "Note").  E. 26.  According to a Finance Affidavit also dated August 16, 2004, and executed by Mr. Kissi's spouse, Edith Truvillion, the Note paid off a prior loan with an original principal balance of $82,500, and an unpaid balance of $79,654, (E. 52), presumably netting Mr. Kissi and his spouse (the "Kissis") approximately $130,000 in a cash-out refinance of the Property.  The same affidavit shows that the Property was a "non-principal residence," *i.e.*, an investment property.  E. 52.

In support of the Order to Docket, foreclosure counsel filed a July 20, 2005 Affidavit showing that the Kissis owed a total of $226,320, and that no payment had been made since the one due for September 2004 (E. 88-90), suggesting that, at the time foreclosure was initiated, the Kissis had made only one mortgage payment, and then failed to make any additional payments for ten months.

On March 24, 2006, Mr. Kissi filed a combined objection to the foreclosure sale and a $100 million suit against, *inter alia,* Defendant EMC relating to a foreclosure sale that had been scheduled for that day.  E. 1, 91-93.  The Prince George's County Circuit Court ruled that the filing was "moot as the sale has taken place as scheduled," but directed that EMC respond to the filing as a complaint.  E. 94-95.  Defendants Elias and Cecilia Osefo purchased the Property at the Foreclosure Sale.  Compl. at 2.

Mr. Kissi continued to file various documents with the Circuit Court, including a request for $100 million in sanctions against, *inter alia,* EMC.  *See* E. 96-103 (Post Sale Objection), 110 (Request to establish escrow), 183-191 (Second Affidavit on Objection and $100 million sanction motion), and 196-209 (Affidavit regarding "Exact Amount" of debt).

EMC, represented by Greenberg Traurig (including Mr. Panzer), moved to dismiss Mr. Kissi's $100 million counterclaim, noting, *inter alia*, that Mr. Kissi had been permanently enjoined from similar frivolous filings by the United States District Court for the District of Maryland. E. 117-141.  EMC responded to the sanctions motion.  E. 210-229.

These matters were heard by the Circuit Court on July 10, 2006, and decided adversely to Mr. Kissi.  *See* E. 6 (Docket No. 47).  The Note was in default, the default was not excused, the Kissis received proper notice of the sale, the sale took place in accordance with the Maryland rules, and the exceptions to the sale were overruled.  *Id.*

On July 20, 2006, through counsel, the Kissis filed a motion for reconsideration.  E. 230-234.  EMC opposed the motion (E. 235-285), and the Circuit Court denied the motion, finding that it was "filed and maintained without substantial justification."  E. 286-87.

On September 1, 2006, the Kissis filed a Notice of Appeal (E. 9, Docket 58), but the appeal was dismissed on December 4, 2006.  E. 378.

On February 8, 2007, Mr. Kissi, through counsel, withdrew his $100 million sanctions motion.  E. 460-461.  That same day, the Kissis attempted to file an Amended Counterclaim (E. 490-498), intended to replace the original $100 million counterclaim filed in the Foreclosure case.  A hearing on the attorneys' fees motion was set for February 9, 2007, at which time the parties again appeared before Judge Herman C. Dawson, of the Circuit Court for Prince George's County.  A copy of the transcript is found at E. 528-569.  At the hearing, EMC made an oral

motion to strike the new counterclaim.  E. 533.  In response, Mr. Kissi specifically agreed that he

was withdrawing the $100 million counterclaim re-filed in this case:

> THE COURT: So you're withdrawing the counterclaim?
> MR. FRANCIS: Yes.
> THE COURT: Okay, Madam Clerk, docket entry.  … Counterclaimant withdraws the
> counterclaim.
> MR. FRANCIS: The original counterclaim that was filed pro se.
> THE COURT: The original counterclaim.  Now, let's stick with the amended
> counterclaim…

E. 555-56.

After hearing argument, the Court granted EMC's oral motion to strike the amended

counterclaim (E. 563), and granted EMC's motion for attorneys' fees (E. 565-567).  The

attorneys' fees award was reduced to a final judgment (E. 514; E. 19-20, Docket No. 214-16).

The Kissis noticed a second appeal on May 1, 2007.  E. 20, Docket Nos. 218-19.

EMC again moved to dismiss the appeal.  In response, the Kissis specifically disavowed

any claim relating to the foreclosure sale -- *i.e.*, all of Plaintiff's allegations in this case.  *See*

Panzer Decl., **Exhibit B** (September 4, 2007 Opposition to EMC's Motion to Dismiss Appeal)

("2007 Brief").  The Kissis argued:

> As noted previously, Appellants are not at this point challenging the ratification of
> the foreclosure sale.  The foreclosure sale of Appellants' property occurred in
> March, 2006.  The value of Appellants' property at this time was at its highest.
> Prices have declined since that time.  At this point Appellants are not seeking to
> undo the foreclosure sale because they do not want the property returned to them.

2007 Brief at 10.  Ultimately, the Kissis essentially conceded that any claim regarding the

foreclosure sale was moot.  *Id.*

The Court of Special Appeals held oral argument on March 7, 2008, and a decision is still

pending.  Panzer Decl. ¶ 7.

III.    **ARGUMENT**

A.    **GENERAL STANDARD**

In deciding a motion to dismiss on any ground, "the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact." *Lee v. United States,* 570 F. Supp. 2d 142, 146 (D.D.C. 2008) (internal quotations omitted).  However, "the Court need not accept as true a legal conclusion couched as a factual allegation, nor inferences that are unsupported by the facts set out in the complaint." *Id.* Burdens of proof, pleadings standards, and materials this Court may consider for each of the Rule 12(b) bases of dismissal will be discussed as part of the individual 12(b) arguments.  *See infra* Sections III.B-III.D.

B.    **THIS COURT LACKS PERSONAL JURISDICTION OVER THE PARTIES.**

1.    **Rule 12(b)(2) Personal Jurisdiction Standard**

"[T]he plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant." *Tom Sawyer Productions*, 550 F.Supp.2d at 26 (citing *Crane v. N.Y. Zoological Soc'y,* 894 F.2d 454, 456 (D.C. Cir. 1990)).  The plaintiff "must allege specific acts connecting the defendant with the forum," and he may not rely solely on bare allegations and conclusory statements.  *Tom Sawyer Productions,* 550 F.Supp.2d at 26 (citing *Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001). This Court "need not treat all of the plaintiff's allegations as true." *Tom Sawyer Productions,* 550 F. Supp. 2d at 26 (citing *Crane,* 894 F.2d at 456; *United States v. Phillip Morris Inc.,* 116 F.Supp.2d 116, 120 n. 4 (D.D.C.2000)).  In addition, this Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Phillip Morris*, 116 F. Supp. 2d at 120 n.4.  This Court does not have personal jurisdiction over EMC or Mr. Panzer.  "A plaintiff bears the burden of alleging facts sufficient to make a prima facie

showing establishing personal jurisdiction." *Thornberry v. Federal Bureau of Prisons*, 535

F.Supp.2d 154, 156 (D.D.C. 2008) (citing *Mwani v. bin Laden,* 417 F.3d 1, 7 (D.C. Cir. 2005)).

> **2.     This Court Lacks Personal Jurisdiction over Non-Residents EMC and Mr. Panzer, Pursuant to the DC Long-Arm Statute and Constitutional Due Process Standards.**

Plaintiff has not shown how this Court has personal jurisdiction over EMC or

Mr. Panzer.  Preliminarily, this Court lacks general jurisdiction over EMC and Mr. Panzer, as

neither are residents of DC and Plaintiff has not made such allegations.  Compl. p. 2.

Specifically, by listing a Maryland address for EMC in the Complaint, Plaintiff has not alleged

that EMC is incorporated in or has its headquarters in the District of Columbia.  *See* Compl. p. 1.

Rather, EMC is a Texas corporation with its headquarters in Texas.  *See* **Exhibit 2**, Declaration

of Cyrus E. Campbell ("Campbell Decl.") ¶ 3.  Further, although Plaintiff incorrectly lists a

District of Columbia address for Mr. Panzer, this is not the address of Mr. Panzer's residence.

Mr. Panzer is not a resident of the District of Columbia but instead resides in the Commonwealth

of Virginia.  *See* Panzer Decl. ¶ 3.

Given Defendants' non-resident status, "[t]he Court may assert personal jurisdiction over

a defendant if the plaintiff demonstrates that (1) the District of Columbia's long-arm statute

authorizes service of process on the defendant; and (2) such a provision is consistent with the

constitutional principles of due process."  *Bailey v. J & B Trucking Services, Inc*., No. 08-644

(RMC), 2008 WL 4150175, at *2  (D.D.C., Sept. 10, 2008) (citing *Am. Directory Serv. Agency v.

Beam,* 131 F.R.D. 635, 640 (D.D.C. 1990)); *GTE New Media Services, Inc. v. BellSouth Corp.*,

199 F.3d 1343, 1347 (D.C. Cir. 2000) ("A court determines whether it may constitutionally

exercise personal jurisdiction over a nonresident defendant by determining whether the

defendant is subject to jurisdiction under the applicable long-arm statute, and if so, whether

exercising jurisdiction is consistent with the constitutional requirements of due process.").

First, the long-arm statute provides in relevant part:

(a)  A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, **as to a claim for relief arising from the person's**

   (1)  transacting any business in the District of Columbia;

   (2)  contracting to supply services in the District of Columbia;

   (3)  causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

   (4)  causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . . .

D.C. Code § 13-423(a) (emphasis added).  Thus, to establish specific jurisdiction under the long-arm statute, the alleged conduct giving rise to the claim for relief must flow from the Defendant's contact with the forum.

Second, Plaintiff must "also establish minimum contacts within confines of due process before the Court can exercise personal jurisdiction...." *Thornberry*, 535 F.Supp.2d at 156 (citing *Blumenthal v. Drudge,* 992 F.Supp. 44, 53 (D.D.C. 1998)). The Court's exercise of personal jurisdiction cannot offend "traditional notions of fair play and substantial justice." *Cellutech, Inc. v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C. 1994) (*quoting Dooley v. United Technologies Corp.,* 786 F.Supp. 65, 71 (D.D.C. 1992)).  A defendant must be so connected with the forum state so that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).  Further, a court may only exercise personal jurisdiction over a defendant who purposefully directs his activities at residents of the forum.  *Id.*  Plaintiff cannot demonstrate either the long-arm or constitutional elements with regard to EMC or Mr. Panzer, and therefore his Complaint fails.

Here, EMC and Mr. Panzer's contacts to the forum, as alleged by Plaintiff, fail to establish long-arm jurisdiction over EMC and Mr. Panzer.  The Complaint alleges that this Court has jurisdiction over EMC and Mr. Panzer, because they "have D.C. ties."  Compl. p. 2.  These contacts are so insufficient as to warrant dismissal of the Complaint, because Plaintiff has not alleged that he has suffered an injury in the District of Columbia as required by § 13-423(a).  *See Thornberry,* 535 F.Supp.2d at 157 (dismissing complaint for lack of personal jurisdiction where complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia).  Here, any tortious injury was suffered in Maryland because the Complaint alleges injury to Plaintiff's by loss of his investment property located in Maryland.  *See Elemary v. Philipp Holzmann AG*, 533 F.Supp.2d 116, 129-30 (D.D.C. 2008).

Indeed, all statutory violations and tortious conduct alleged by Plaintiff take place in Maryland. The allegations set forth in the Complaint arise from alleged conduct in the Maryland state courts.  The alleged conduct occurred during a litigation in the Circuit Court for Prince George's County, Maryland, which involved a property located in Beltsville, Maryland, and which is pending on appeal in the Maryland Court of Special Appeals.  As none of the alleged conduct took place in DC, there is no special jurisdiction under the long-arm statute.  Absent long-arm jurisdiction, the issue of constitutional due process is not reached.  Plaintiff's Complaint should therefore be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).[5]

---

[5] Plaintiff's failure to properly serve EMC and Mr. Panzer is also a fatal jurisdictional defect.  *See Tom Sawyer Productions, Inc. v. Progressive Partners Achieving Solutions, Inc.,* 550 F.Supp.2d 23, 26 (D.D.C. 2008) (citing *Bland v. Britt,* 271 F.2d 193 (4th Cir.1959)).  "Unless the procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant."  *Walker v. Pharmaceutical Research and Mfrs. of America*, 569 F.Supp.2d 209, 214 (D.D.C. 2008) (citing *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C.Cir. 2002)); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*

### C.     THIS COURT IS AN IMPROPER VENUE TO HEAR THE COMPLAINT.

### 1.     Rule 12(b)(3) Improper Venue Standard.

As to venue, this Court must "accept[] the plaintiff's well-pled factual allegations regarding venue as true, draw[] all reasonable inferences from those allegations in the plaintiff's favor, and resolve[] any factual conflicts in the plaintiff's favor." *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.,* 148 F.Supp.2d 50, 54 (D.D.C. 2001).   However, regardless of who has the burden of proof in a Rule 12(b)(3) motion,[6] this Court also "may examine facts outside of the complaint to determine whether venue is proper."  *Mikkilineni v. Com. of Pennsylvania*, No. 02-1205 (RMU), 2003 WL 21854754, at *6 (D.D.C., Aug. 5, 2003).

### 2.     This Court Should Dismiss the Complaint for Improper Venue.

Venue does not lie with this Court.  Pursuant to 28 U.S.C. § 1391(a), venue is proper in a diversity-of-citizenship case in any of three judicial districts:

(1)    a judicial district where any defendant resides, if all defendants reside in the same State,

(2)    **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated**, or

(3)    a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(a) (emphasis added).  Where a court does not have personal jurisdiction over the parties in the suit, the court is not the proper place to file suit.  28 U.S.C. 1391(c) ("For purposes

---

526 U.S. 344, 350 (1999).  Because EMC and Mr. Panzer have not been served with the Summons and Complaint (*see* Panzer Decl. ¶¶ 8, 9; Campbell Decl. ¶¶ 4, 5), the Complaint should also be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

[6] It is unclear whether the plaintiff or defendant has the burden of proof in a Rule 12(b)(3) motion, because the federal circuits are split and the D.C. Circuit has not yet spoken on the issue. *Mikkilineni v. Com. Of Pennsylvania,* No. 02-1205 (RMU), 2003 WL 21854754, at *6 (D.D.C., Aug. 5, 2003).

of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any

judicial district in which it is subject to personal jurisdiction at the time the action is

commenced.").

A complaint brought in an improper venue may either be dismissed or, if in the interest of

justice, be transferred to an appropriate venue pursuant to 28 U.S.C. § 1406(a). *McQueen v.

Harvey,* 567 F.Supp.2d 184, 188 (D.D.C. 2008).

Here, regardless of Plaintiff's *pro se* status, public policy supports dismissal of Plaintiff's

Complaint for improper venue rather than transfer of the case to a different venue. Plaintiff, by

filing this Complaint in the District of Columbia, is merely trying to circumvent Maryland court-

entered injunctions (*see* E. 117-141), and have his claims heard in a forum that he hopes will be

more sympathetic. Plaintiff's Complaint should be dismissed for improper venue, because

Plaintiff cannot reasonably bring his claims in the appropriate forum -- Maryland. *See

Mikkilineni,* 2003 WL 21854754, at *8 ("Because the plaintiff does not request a transfer of

venue, and because he filed his cases here hoping to find a more sympathetic judge, transferring

this action to Pennsylvania would not promote the interest of justice."); *see also Naartex

Consulting Corp.,* 722 F.2d at 789; *Prof'l Managers' Ass'n v. United States,* 761 F.2d 740, 744

(D.C. Cir. 1985) (discussing Congress' disdain for forum shopping)).

In the alternative, should this Court not dismiss altogether, EMC and Mr. Panzer

respectfully request that it transfer venue to the United States District Court for the District of

Maryland, as all underlying actions which Plaintiff alleges form a basis for his Complaint

occurred in the state of Maryland, and they involved the application of Maryland law to a

Maryland action involving Maryland property. *See* Section III.C., *supra.* This Court also has no

interest in hearing a Maryland case in its already clogged docket.  Thus, Maryland has a

substantially greater interest in the outcome of this action than does the District of Columbia.

> **D.      THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF
>          CAN BE GRANTED.**
>
> > **1.      Rule 12(b)(6) Failure to State a Claim Standard.**

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint."  *Browning v. Clinton,*

292 F.3d 235, 242 (D.C.Cir. 2002).  A plaintiff's complaint must provide "a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the ... claim is and the grounds upon which it rests." *Lee v. United States*, 570

F. Supp. 2d 142, 146 (D.D.C. 2008) (citing *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964

(2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level,

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell

Atl. Corp.,* 127 S.Ct. at 1965 (citations omitted); *see also Aktieselskabet AF 21.Nov. 2001 v.

Fame Jeans, Inc.,* 525 F.3d 8, 15, (D.C.Cir. 2008) (internal citations and quotation marks

omitted) .

The Court, in deciding a Rule 12(b)(6) motion, "may consider only the facts alleged in

the complaint, documents attached as exhibits or incorporated by reference in the complaint, and

matters about which the Court may take judicial notice." *Tom Sawyer Productions*, 550

F.Supp.2d at 27; *Gustave-Schmidt v. Chao,* 226 F.Supp.2d 191, 196 (D.D.C. 2002).  Among

other things, this Court may take judicial notice of the records filed in the Foreclosure Case,

including the Judgment entered by the Circuit Court.  *Hipp v. Hipp,* 191 F. Supp. 299, 302

(D.C.D.C. 1960) ("[I]t is settled law that the court may take judicial notice of other cases

including the same subject matter or questions of a related nature between the same parties.").[7]

---

[7] "In resolving a motion to dismiss for failure to state a claim, the Court may be presented
with matters outside the pleadings, and if such matters are not excluded, the motion is then

"On a motion to dismiss for failure to state a claim, if the allegations contained in the complaint, when taken as true, fail to state a claim for which relief may be granted, or otherwise establish that the complaint faces some insuperable bar to relief, the motion should be granted." *Iacangelo,* 2008 WL 4425873, at *3 (citing *Franklin Asaph Ltd. P'ship v. FDIC,* 794 F.Supp. 402, 404 (D.D.C. 1992)).  For this reason, courts may dismiss a case under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel.  *See infra.*

## 2.   The Complaint Is Barred By the Doctrine of *Res Judicata.*

*Res judicata* is "properly brought in a pre-answer Rule 12(b)(6) motion when all relevant facts are shown by the court's own records, of which the court takes notice." *Camp v. Kollen,* 567 F.Supp.2d 170, 172 (D.D.C. 2008) (citing *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 76-77 (D.C. Cir. 1997)) (noting that courts have allowed parties to raise the *res judicata* defense under Rule 12(b)(6)).  The doctrine of *res judicata,* or claim preclusion, requires that a plaintiff generally bring "in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Ivey v. Paulson*, No. 07-0748 (EGS), 2008 WL 4078413, at *1 (D.D.C., Sept. 4, 2008) (citing *U.S. Indus., Inc. v. Blake Const. Co., Inc.,* 765 F.2d 195, 205 (D.C. Cir. 1985)).  "A final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action." *Ivey,* 2008 WL 4078413, at *1 (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979)).  A case  will implicate the same cause of action as a previously litigated case if both "share the same nucleus of facts." *Ivey,* 2008 WL 4078413, at *1 (citing *Drake v. Fed. Aviation Admin.,* 291 F.3d 59, 66 (D.C. Cir. 2002), *cert. denied,* 537 U.S. 1193 (2003)).  *Res judicata* "forecloses all that which *might have*

---

treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56, according to Fed.R.Civ.P. 12(d)." *Iacangelo v. Georgetown University,* No. 05-2086, 2008 WL 4425873, at *3 (D.D.C., Sept. 30, 2008).

*been* litigated previously," regardless of whether the claim was *actually* litigated in a prior case. *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983).

A federal court, "[i]n assessing whether a state-court judgment precludes a subsequent civil action in federal court, . . . must apply the res judicata law of the state that rendered the earlier decision." *Role Models America, Inc. v. Penmar Development Corp.*, 394 F.Supp.2d 121, 131 (D.D.C. 2005) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *McLaughlin v. Alban*, 775 F.2d 389, 391 (D.C. Cir. 1985) ("Any assessment of the preclusive effect the Maryland judgment might have here must apply the Maryland law of preclusion.")). Here, because the prior judgments at issue came from a Maryland court, this Court must look to Maryland law on the applicability of the doctrine of *res judicata.* Maryland's three requirements for *res judicata* to apply are: (1) }a final judgment on the merits in the earlier action, (2) an identity of parties or those in privity with them, and (3) the causes of action in the successive actions must be the same. *See Snell v. Mayor & City Council of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988). Maryland "use[s] a 'transaction test' to determine when two claims or causes of action are the same for purposes of res judicata." *Role Models America,* 394 F. Supp. 2d at 131 (citing *deLeon v. Slear*, 328 Md. 569, 616 A.2d 380, 390 (1992)). The "transaction test" determines what constitutes a transaction "pragmatically, giving weight to such considerations as whether facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Role Models America,* 394 F. Supp. 2d at 131 (citing *Kent County Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232, 238 (1987)).

All three *res judicata* elements are present in this case. First, a decision was made on the merits of the now-challenged foreclosure sale in the Foreclosure Case in the Circuit Court for

Prince George's County, Maryland on July 10, 2006, and the court subsequently denied the Kissis' motion for reconsideration.  E. 6 (Docket No. 47), 286-87.  Mr. Kissi appealed this decision, and his appeal was dismissed.  This decision was ultimately incorporated into the judgment entered against Mr. Kissi after the Court's award of attorneys' fees.  Second, EMC was a party to the Foreclosure Case, and Mr. Panzer, who represented EMC in the Foreclosure Case, is in privity with EMC.[8]

Third, this action is an attempt by Plaintiff to relitigate over again its claims which were already adjudicated in the Foreclosure Case, and which arise out of the "same nucleus of facts" and the exact same transactions:  the Kissis' default on mortgage payments to EMC and foreclosure counsel's consequential initiation of the Foreclosure Case.  Plaintiff's Complaint is essentially arguing once again that impropriety existed in the foreclosure sale, albeit under the guise of a "conspiracy" allegation, but this issue has been raised and litigated in the Foreclosure Case or else waived by Plaintiff's failure to raise the issue during the exceptions process.  Further, the Kissis essentially conceded that any claim regarding the foreclosure sale was moot.  2007 Brief at 10.[9]  Even if the Kissis had not so conceded this issue, all claims relating to the foreclosure sale have been mooted by the Kissis' failure to post a supersedeas bond.

---

[8]  Further, even if EMC and Mr. Panzer had not been parties or their privies in the prior Foreclosure Case, as is the situation with the other Defendants in this case, "[t]he Maryland Court of Appeals has held that mutuality is not required to use res judicata as a shield.  As the court said, '[p]ublic policy against repetitive identical litigation, which underlies the rule of res judicata, applies here with logic and force to provide that [the party in the prior proceeding's] rights were satisfied by having had its day in court on an issue, and that it is not entitled to another day in court against a particular defendant on that issue." *Tunnel/Hester Joint Venture v. Tunnel Electric Const. Co.*, Inc.  240 F.Supp.2d 410, 413 (D.Md. 2002) (citing *Pat Perusse Realty Co. v. Lingo,* 249 Md. 33, 238 A.2d 100, 106-108 (1968)).

[9] *See, e.g., Pizza v. Walter*, 345 Md. 664, 674, 694 A.2d 93, 97 (Md. 1997) ("[A]n appeal becomes moot if the property is sold to a bona fide purchaser in the absence of a supersedeas bond because a reversal on appeal would have no effect.").

Moreover, Plaintiff's Complaint alleges that a "conspiracy" took place at the time of the sale of the Property to Elias and Cecilia Osefo, which was *before* EMC had been made a party to the Foreclosure Case and thus *before* Greenberg Traurig, including Mr. Panzer, had been retained to represent EMC in the matter. *See* Compl. p. 2.

Plaintiff had a full and fair opportunity to litigate the substance of both Counts of the Complaint and, therefore, both Counts are barred by the doctrine of *res judicata* and should be dismissed.

### 3.     The Complaint Is Barred By the Doctrine of Collateral Estoppel.

The issues raised in the Complaint have also been previously adjudicated and are thus barred by the doctrine of collateral estoppel.[10]  Collateral estoppel, also known as issue preclusion, "bars the relitigation of specific issues actually litigated in a prior action." *Casco Marina Development, LLC v. M/V Forrestall*, 384 F.Supp.2d 154, 158 (D.D.C. 2005) (internal citation omitted).  28 USC § 1738 does not allow federal courts to apply their own rules of issue preclusion in determining the effect of prior state judgments, and requires that a federal court must accept the rules chosen by the State from which the judgment is taken. *Id.* (citing *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 481-82, (1982)).  "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  *Allen v. McCurry,* 449 U.S. 90, 96 (1980); *see also Bryson v. Gere*, 268 F. Supp. 2d 46, 55 (D.D.C. 2003) (In a diversity-of-citizenship case, "in which both jurisdictions have an interest in applying their law, the forum law will be applied unless the foreign jurisdiction has a greater interest in the controversy.").[11]

---

[10] *See supra* n. 8.

[11] We note that the District of Columbia Circuit has not uniformly ruled that collateral estoppel is a substantive issue, and indeed has held it to be procedural.  *See Bryson v. Gere*, 268

Here, because the prior judgments at issue came from a Maryland court, this Court must look to Maryland law on the applicability of the doctrine of collateral estoppel.[12]   Maryland law requires that, in order to invoke issue preclusion, a party must establish the following:

(1)     the issue sought to be precluded is identical to one previously litigated;

(2)     the issue must have been actually determined in the prior proceeding;

(3)     determination of the issue must have been a critical and necessary part of the decision in the prior proceeding;

(4)     the prior judgment must be final and valid; and

(5)     the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum."

*Casco Marina Development, LLC*, 384 F.Supp.2d at 159 (citing *Campbell v. Lake Hallowell Homeowners Ass'n,* 157 Md.App. 504, 852 A.2d 1029, 1037-38 (2004)).

---

F.Supp.2d at 55 n.5 (D.D.C. 2003) (providing a list of cases in which the court held that the issue is procedural, and another list of cases in which the court held that the issue was substantive, but ultimately holding that the issue is substantive).  However, the majority of the opinions cited in *Bryson* which deemed collateral estoppel a "procedural" issue are over 20 years old.  Recent case law suggests that this Court deems it "substantive" in nature.

[12] Even assuming collateral estoppel were a procedural issue, this Court would apply a similar analysis.  The law of the DC Circuit applies a three-part test:

First, the same issue now being raised must have been contested by the parties and submitted to judicial determination in the prior case.  Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case.  Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Rogers v. Johnson-Norman*, 466 F.Supp.2d 162, 169 (D.D.C. 2006).  The "basic unfairness" issue of the DC Circuit standard is not contained in the Maryland standard, but no such "basic unfairness" exists so long as the plaintiff had "ample opportunity" in prior judicial proceedings to argue the issue.  *Id.*  The DC Circuit standard also does *not* contain the Maryland requirement that the determination of the issue must have been a "critical and necessary" part of the decision in the prior proceeding.  Nevertheless, as shown in this Section, the issues being relitigated would meet the collateral estoppel elements under either standard.

All five of the collateral estoppel elements exist with regard to the Complaint.  The Complaint contains the same "fraud" argument existing in the Kissis' contest of the substitute trustee's foreclosure sale.  The Circuit Court of Prince George's County issued a final judgment on the Kissis' contest of the substitute trustee's foreclosure, on July 10, 2006, which is valid as reflected in the Prince George's County public records.  *See* E. 6 (Docket No. 47) (holding that the Kissis' Note was in default, that the default was not excused, that Plaintiff received proper notice of the sale, that the sale took place in accordance with Maryland rules, and that the exceptions to the sale were overruled).   Plaintiff has also had a full and fair opportunity to litigate this issue and *relinquished* its opportunity to appeal the judgment.  In the Kissis' 2007 Brief, opposing EMC's Motion to Dismiss Appeal, the Kissis specifically disavowed any claim relating to the foreclosure sale, which is the essence of this Complaint.  2007 Brief, at 10; *see also* Section III.D.2, *supra*.  Plaintiff is therefore barred by the doctrine of collateral estoppel from bringing the Complaint.

> **4.      Plaintiff Does Not Have a Private Right of Action Under the Travel Act, 18 U.S.C. § 1952, or the Money Laundering Control Act, 18 U.S.C. § 1957.**

Plaintiff cannot properly state a claim pursuant to 18 U.S.C. §§ 1952 and 1957.  Plaintiff alleges that Defendants "conspired to rip off him and his spouse in a real estate racketeering enterprise per 18 USC § 1952 and 1957."  Compl. p. 2.  18 U.S.C. § 1952 ("Section 1952"), known as the Travel Act, makes it a crime punishable by fine and/or imprisonment for anyone to "travel[] in interstate or foreign commerce or use[] the mail or any facility in interstate or foreign commerce," and further to perform, with intent to do so, any of the following acts:

> (1)      distribute the proceeds of any unlawful activity; or

> (2)      commit any crime of violence to further any unlawful activity; or

(3)      otherwise promote, manage, establish, carry on, or facilitate the promotion,
management, establishment, or carrying on of any unlawful activity.

18 U.S.C. § 1952.  18 U.S.C. § 1957 ("Section 1957"), which is part of the Money Laundering

Control Act, punishes anyone who "knowingly engages or attempts to engage in a monetary

transaction in criminally derived property of a value greater than $10,000 and is derived from

specified unlawful activity."  18 U.S.C. § 1957.

Notably, neither of these criminal statues explicitly allows for a private right of action.

*See Prunte v. Universal Music Group,* 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (noting that Section

1952 does not explicitly allow for a private right of action); 18 U.S.C. § 1957(e) (noting that

violations of the Section could be investigated by the Department of Justice, Department of the

Treasury, Department of Homeland Security, and the United States Postal Service).   The

Supreme Court has refused to imply a private right of action in 'a bare criminal statute.'  *Id.*

(citing *Cort v. Ash,* 422 U.S. 66, 79-80 (1975).  Indeed, this Court has recently refused to imply a

private right of action as to Section 1952.  *Prunte*, 484 F. Supp. 2d at 42.

Therefore, as Plaintiff has no private right of action with regard to either Section 1952 or

Section 1957, Plaintiff has failed to state a claim for relief under either statute.

**5.      Plaintiff Fails to Properly Allege a Claim for Violations of Sections
1952 and 1957, or for Fraud in General.**

Plaintiff has failed to adequately allege violations of either Section 1952 or Section 1957,

both of which fall under the heightened pleading requirements of Federal Rule of Civil

Procedure 9(b).  *See Dooley v. United Technologies Corp.*, No. 91-2499, 1992 WL 167053, at

*8-10 (D.D.C., Jun. 17, 1992).  Plaintiff also makes general allegations of fraudulent acts on the

part of EMC and/or Mr. Panzer in the Complaint, but his allegations are not properly pled.

Federal Rule of Civil Procedure 9(b) requires that, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule is intended to "guarantee all defendants sufficient information to allow for preparation of a response." *United States ex rel Joseph v. Cannon,* 642 F.2d 1373, 1385 (D.C. Cir. 1981). And while "[c]ourts hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers[,] . . . the stated rationale for Rule 9(b) applies with equal strength to defendants sued by a *pro se* litigant." *Elemary*, 533 F. Supp. at 136. A plaintiff is required to "specifically allege the time, place, and contents of any affirmative misrepresentation." *Id.* (citing *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 552 (D.C. Cir. 2002). Conclusory allegations do not satisfy Rule 9(b). *Elemary*, 533 F. Supp. 2d at 136.

The elements of fraud in the District of Columbia, all of which Plaintiff much allege in order to properly plead fraud, are comprised of "(1) a false representation or willful omission in reference to a material fact, (2) made with knowledge of its falsity, and (3) with intent to induce the party to rely on the representation or omission, where (4) the party relies upon the representation or omission (5) to its detriment." *Schiff v. AARP,* 697 A.2d 1193, 1198 (D.C. 1997).

Plaintiff's Complaint does not provide nearly enough information to properly plead a violation of Sections 1952 and 1957 or a general fraud claim under Rule 9(b). With regard to any allegation against EMC and Mr. Panzer, statutory or otherwise, Plaintiff states only that he "lost the said property to EMC/Bear Stearns/J.P. Morgan in 1996 and its attorney David Panzer, albeit, their mortgage payment was current." Compl. p. 2. Further, with regard to a general fraud claim, Plaintiff alleges only that "Defendants conspired in bad faith to fraudulently acquire the Plaintiff's property." Compl. p. 2. Plaintiff's Complaint thus fails to properly state a claim

under Sections 1952 and 1957 or generally for fraud, as Plaintiff has not adhered to Rule 9(b)'s heightened pleading requirement and has submitted false allegations in direct contradiction to the public record.

To the extent that Plaintiff attempts to allege any claim, it neither meets the requisite of Rule 8 (plain statement of the facts), nor the requirement of *Bell Atlantic* that such allegations be plausible and non-speculative.

Plaintiff has failed to state a claim, as his claims are barred by the doctrine of collateral estoppel, his claims under the federal statutes 18 U.S.C. §§ 1952 and 1957 do not allow for a private right of action, and his fraud claims -- or any other claims embodied in the Complaint -- do not meet federal pleadings standards.  The Complaint should therefore dismissed pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, EMC and Mr. Panzer respectfully request that this Court dismiss Plaintiff's Complaint *with prejudice*, or, in the alternative, transfer the case to the United States District Court for the District of Maryland.

DATED:        November 5, 2008              Respectfully submitted,


/s/Sanford M. Saunders, Jr.
Sanford M. Saunders, Jr. (D.C. Bar #376098)
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC  20037
Tel. (202) 331-3100
Fax. (202) 331-3101
saunderss@gtlaw.com

*Counsel for EMC Mortgage Corporation
and David Panzer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2008, I served the foregoing **Memorandum in Support of EMC Mortgage Corporation and David Panzer's Joint Motion to Dismiss**, and accompanying Exhibits, via ECF.   I also served a copy of the foregoing documents by U.S. mail, postage prepaid upon:

David Kissi
325 Pennsylvania Avenue, SE
Washington, DC 20003
*And*
David Kissi
#38348037
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

William Ampofo
12138 Central Avenue
Bowie, MD 20720

Benedict Akanegbu
12138 Central Avenue
Bowie, MD 20720

Avalar Smart Choice Realty
12606 Henderson Chapel Lane
Bowie, MD 20720

Kwaku D. Ofori
14421 Fairdale Road
Silver Spring, MD 20905

Elias Osefo
4117 Buckingham Road
Gwynn Oak, MD 21207

Cecilia Osefo
4117 Buckingham Road
Gwynn Oak, MD 21207

Patrick O. Ogbeide
15018 Running Park Court
Bowie, MD 20715

/s/ Sanford M. Saunders, Jr.
Sanford M. Saunders, Jr.